**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF ALFONSO ASKEW, | ) | CASE NO. 4:21-cv-02133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| TRUMBULL COUNTY, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

## I. Procedural History

The Estate of Plaintiff of Alfonso C. Askew ("Plaintiff") filed a six-count Complaint against Trumbull County, correctional officer Doug Machingo, as well as the private medical providers retained by Trumbull County to provide medical services in its jail. (R. 1). With respect to Trumbull County and correctional officer Machingo, the Complaint raises the following causes of action: (1) a 42 U.S.C. § 1983 claim against all Defendants alleging deliberate indifference to Askew's serious medical needs; (4) a state law negligence claim against corrections officer Machingo; (5) a state law wrongful death claim pursuant to O.R.C. § 2125.02 against all Defendants; and, (6) a state law survivorship claim pursuant to O.R.C. § 2305.21 against all Defendants. (R. 1). Defendants Trumbull County and Officer Machingo moved for summary judgment with respect to all counts asserted against them — Counts One, Four, Five, and Six. (R. 65). The Court granted Defendants Machingo's and Trumbull County's

motion for summary judgment and dismissed them from this action. (R. 115).

Thereafter, Plaintiff filed a Motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), which Defendants oppose. (R. 117, 119).[1] On its face, the motion for reconsideration only challenges the Court's determination with respect to the § 1983 *Monell* claim in Count One against Defendant Trumbull County only.

**II. Standard**

A court may grant a Rule 59(e) motion "(1) to correct a clear error of law; (2) to account for newly discovered evidence[2] or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Id.*, *citing Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

Nevertheless, "[m]otions for reconsideration of a previous order are extraordinary and should be granted sparingly." *Jones v. Wilson & Assocs., PLLC*, 2013 U.S. Dist. LEXIS 110161, 2013 WL 4039046, at *5 (W.D. Tenn. Aug. 6, 2013) (citations omitted). Furthermore, "[a] plaintiff cannot use a Rule 59 motion ... 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (*quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146

[1] In the interests of judicial economy, the Court declines to reiterate the factual background herein and references its prior Memorandum Opinion and Order. (R. 115).
[2] To warrant reconsideration, the "newly discovered evidence" must have been previously unavailable. *See CGH Transp., Inc.*, 261 F. App'x at 823.

F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.")). "Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion." *Gore v. AT&T Corp.*, No. 2:09-CV-854, 2010 WL 3655994, at *1 (S.D. Ohio Sept. 14, 2010) (Sargus, J.) "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *In re Lane*, 604 B.R. 23, 35 (B.A.P. 6th Cir. 2019) (citations omitted).

**III. Law and Analysis**

It is Plaintiff's position that the Court's prior dismissal of the 42 U.S.C. §1983 *Monell* claim against Defendant Trumbull County was based on a clear error of law. (R. 117, PageID# 6907). Herein, Plaintiff is simply rearguing the motion for summary judgment. Plaintiff cites its earlier brief opposing summary judgment, and suggests it presented sufficient evidence of "unconstitutional customs and policies for providing medical services in the Jail" and further points to alleged evidence that it believes shows Trumbull County knew of the problems at the Jail concerning the provision of medical services. (R. 117, PageID# 6910).

Plaintiff's motion argues that the Court should have applied the law as stated in *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985); *Cuyahoga County v State Auto. Mut. Ins. Co.*, 2012 WL 5304083, at *5 (N.D. Ohio, Oct. 25, 2012); and *Martin v. Corr. Corp. of Am.*, 2006 WL 181966 (W.D. Tenn. Jan. 17, 2006)[3] to hold Trumbull County liable for the alleged unconstitutional polices, practices,

---

[3] As in *Martin*, this Court finds that "Plaintiffs have not identified or put forward evidence—in the form of affidavits, depositions, or answers to interrogatories—of any county policy or custom that caused their injury." *Martin v. Corr. Corp. of Am*., 2006 WL 181966, at *5 (W.D. Tenn. Jan. 17, 2006). While Plaintiffs have identified a great deal of evidence, none of it could lead a reasonable trier of fact to conclude that it was a county policy or custom that caused Askew's death.

and procedures of Defendant Malvasi, LLC. (R. 117, PageID# 6911-6913). The Court did not find previously that a private medical contractor's customs and policies can *never* be attributed to the contracting municipality under a *Monell* theory of liability as Plaintiff's motions suggests (R. 117, PageID# 6913), but rather that a county is not automatically liable on a quasi-*respondeat superior* theory for every act of malpractice by a medical provider. Plaintiff has failed to identify a policy of Malvasi, LLC, which the County adopted, ratified, or acquiesced in, that was the moving force behind Askew's death.

In its decision, the Court pointed out that:

> Malvasi LLC agreed to maintain "complete and accurate records" of patient care to assist the County in "maintain[ing] the Jail in compliance with the Ohio Jail Standards." (R. 80, Pg. ID 2377, ¶2). In addition, Malvasi LLC agreed to have a physician "available for examination of inmates on a twenty-four (24) hour basis." *Id*. at PageID# 2379. Further, Malvasi LLC agreed that "the medical facility shall be staffed seven (7) days a week on a twenty-four (24) hour basis." *Id*. at PageID# 2379, ¶6.

(R. 115, PageID# 6902). Plaintiff has not pointed to sufficient evidence of any policy from which a reasonable trier of fact could find that it was a direct policy of Trumbull County that caused the death of Askew.[4] Though the Court makes no binding factual definitive determinations, which

[4] Plaintiff's expert, Dr. Ralph Silverman, testified that he did not review the medical policies and procedures of the Trumbull County jail, and conceded that his testimony was not going to offer any criticisms as to the written policies and procedures themselves. (R. 65-14, PageID# 448). Dr. Jeffrey Keller, Plaintiff's other expert, essentially imputed a *respondeat superior* theory of liability on Trumbull County, a legal issue that is not one for a medical expert. He testified that "[t]he county hired Dr. Malvasi to provide medical care, and the medical care is substandard, but in the end, he's acting as an agent of the county." (R. 65-13, PageID# 427). When asked what portion of the policies were allegedly deficient to support his opinions, Dr. Keller testified that "I'm not prepared to go through the policy. It might be that the policy required better than what was delivered, but I'm not prepared to comment on that right now." (R. 65-13, PageID# 435). Dr. Keller conceded that "I'm not pointing at any specific policy as being the policy that's deficient." *Id*. at PageID# 437. Dr. Keller also agreed that the care actually delivered by Malvasi, LLC was less than what the contract and the policies required. *Id*. at PageID# 437-38.

are properly left to the trier of fact, the evidence presented upon summary judgment was arguably consistent with Malvasi, LLC and its employees falling short of the aforementioned requirements, which arguably resulted in or contributed to Askew's unfortunate death. Plaintiff, however, does not point to evidence that the County was on notice that its medical provider was falling short of the contractual requirements.

Thus, the Court rejected Plaintiff's argument that "the County's policy of allowing Malvasi LLC to manage all medical care at the jail was a moving force behind a violation of Askew's constitutional rights. (R. 107, PageID# ID 6102-05)." (R. 115, PageID# 6899). Plaintiff's original opposition brief argued that Malvasi LLC had a policy of inadequate training and supervision (R. 107, PageID# 6102), and that "the County is liable for…its use of Malvasi to provide medical services in the Jail." (R. 107, PageID# 6104-6105). This argument was rejected, as it essentially would impose *respondeat superior* liability on any municipality or county for the medical malpractice of a private contractor. Plaintiff's subsequent argument—that Trumbull County's alleged gaps in policies, and so-called unwritten but allegedly official policies and practices caused the violations of Askew's constitutional rights—was wholly conclusory, and not supported by any citation to authority or even to the record. Again, Plaintiff fails to identify any actual policy of the County, either its own or one that it adopted, that a reasonable trier of fact could determine caused Plaintiff's untimely death.

Therefore, Plaintiff has not identified a clear legal error, but is instead dissatisfied with the Court's application of the law to the facts of this case. The Court agrees with other district courts that "[a] motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier" *Golden v. U.S. Bank Nat'l Ass'n, ND*, 2012 WL 4426525, at *1 (E.D.Mich. Sept. 25, 2012) (citing *Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.") Therefore, the Court finds no clear error of law and the motion for reconsideration is not well taken.

The Court notes that Plaintiff makes the conclusory assertion that "Trumbull County has long been aware of the risks and harms" of Malvasi, LLC's policies. (R. 117, PageID# 6918, quoting its earlier brief at R. 107, PageID #6086). Plaintiff cites the deposition testimony of Major Dan Mason, Trumbull County's 30(b)(6) witness, who testified that the County had seen Malvasi LLC's policies but never approved them. (R. 80, PageID# 1769). According to Mason, the contract with Dr. Malvasi ran from 2018 through 2021. *Id*. at PageID# 1897. Plaintiff makes much ado about the County speaking with local hospitals regarding the provision of medical services. Plaintiff's counsel specifically asked Mason whether the conversations stemmed from concerns with the quality of Dr. Malvasi's medical care, but Major Mason testified that the County just wanted to "see what was there and see if we could get maybe better medical services." (R. 80, PageID# 1899). This is hardly tantamount to an admission that the County believed Malvasi, LLC was providing constitutionally deficient medical services, nor does it show knowledge or adoption of policies that posed a risk to the health of inmates. Further, Plaintiff's assertion—that "[t]he County admitted to deficiencies in medical care and staff performance in its own Fed. R. Civ. P. 30(b)(6) testimony"—is not an entirely accurate recitation of the record to the extent it is suggested as an admission of constitutionally deficient medical treatment policies. (R. 117, PageID# 6919, citing R. 80, PageID ##1868-69). The assertion that the County, through Major Mason, testified there were deficiencies in the medical staff performance—is not borne out by Plaintiff's citation to the deposition testimony. (R. 107, PageID# 6087, citing R. 80, PageID# 1868-69). Major Mason did testify that with "20/20

hindsight … mistakes were made ... but this does appear to be an anomaly because I do feel that the medical service that we do have usually does strive to try to meet the mark of providing, you know, adequate service to inmates." (R. 80, PageID# 1870).

Plaintiff further cites to the deposition testimony of Niki Frenchko, a former Trumbull County Commissioner, who took office in January of 2021. (R. 103, PageID# 5944, Dep. of Frenchko). Frenchko testified that in preparation for the deposition, she spoke "to the person who was organizing all of the complaints to the Ohio Jail Facility Commission," who told her there were about 25-30 complaints. (R. 103, PageID# 5945-46).[5] Many of the complaints she heard came through social media comments. (R. 103, PageID# 5979). She could not say whether the county sheriff knew of the prior complaints concerning the medical care at the jail. (R. 103, PageID# 5974). Further Frenchko acknowledges that she was elected after the death of Askew in November of 2020, so any knowledge of complaints she acquired in her capacity as a county commissioner cannot be imputed to the County for the time period preceding Askew's death. (R. 103, PageID# 5991). Plaintiff fails to point to anything in Frenchko's deposition[6] that shows the County had knowledge of the alleged "systemic failures" in the Jail's provision of medical care before Askew's death.

The Court agrees with the County's argument that the complaints Frenchko references appear to predate her term as Trumbull County Commissioner, and are not based on first-hand knowledge but were communicated to her by others, and are, therefore, hearsay. (R. 112,

---

[5] Frenchko identified the individual as Jamie Sell, "an advocate for inmates." (R. 103, PageID# 5946).

[6] Frenchko's deposition can generally be characterized as lacking in any specific detail about the complaints she heard. Thus, it is unclear who lodged complaints, what the substance of the complaints were, whether the County had any notice of these complaints, or even whether these complaints occurred during Malvasi, LLC's contract term but *before* Askew's death.

PageID# 6139-40). Furthermore, the deposition testimony of Frenchko is not specific when it comes to the timeframe for the complaints she heard about from others, and it is not clear whether the complaints predate Malvasi, LLC's tenure. They do, however, post-date the death of Askew.

Again, the Court finds no merit in Plaintiff's motion for reconsideration.

**IV. Conclusion**

Plaintiff's Motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (R. 117) is hereby DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 1, 2026