**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE ESTATE OF ALFONSO C. ASKEW, By the Special Administrator Nicholas D. Laudato<br>Plaintiff,<br><br>v.<br><br>TRUMBULL COUNTY, *et al.,*<br><br>Defendants. | CASE NO. 4:21-CV-02133<br><br>JUDGE DAVID A. RUIZ |

**MEDICAL DEFENDANTS' MOTION FOR RECONSIDERATION**

Now come Defendants, Malvasi, LLC, Dr. Phillip Malvasi, Carla Ahart, Tayler Simmons, Jess Johnson, and Bree Brezinski (aka Bree Bright) (collectively "the Medical Defendants") who, pursuant to Fed. Civ. R. Proc. 54(b) and/or 59(e), hereby move the Court for reconsideration of the denial of summary judgment on Complaint Count One. A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ *John D. Latchney*

John D. Latchney (0046539)
W. Bradford Longbrake (0065576)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
T: (330) 670-7602; F: (330) 670-7458
Email: jlatchney@hcplaw.net; and
blongbrake@hcplaw.net

*Counsel for Defendants Phillip Malvasi, D.O., LLC, Phillip Malvasi, D.O., Taylor Simmons, Bree Bright, Jess Johnson, Carla Ahart and Jennifer Bach deceased*

## MEMORANDUM IN SUPPORT

## I. Introduction

On October 10, 2025, this Court issued its' Memorandum Opinion and Order denying the Medical Defendants' Motion for Partial Summary Judgment regarding Plaintiff's constitutional claims set forth in Complaint Count I. Applying the applicable precedent at that time, this Court opined:

> The *Brawner* test is "more lenient" than *Farmer*'s more demanding test. *See Lawler as next friend of Lawler v. Hardeman County*, 93 F.4th 919, 928 (6th Cir. 2024). *Brawner* sets forth "a lower standard that doesn't require actual knowledge of a serious risk of harm" on the part of the defendant official. *Whyde v. Sigsworth*, No. 22-3581, 2024 WL 4719649, at *2 (6th Cir. Nov. 8, 2024). **Doc. 115, PageID# 6881**. And, the Court concluded that "*Brawner* provides the governing standard" for the Medical Defendants. *Id*.

However, there has been a very recent intervening change in controlling precedent. On September 8, 2026, in an *en banc* decision, the United States Sixth Circuit Court of Appeals has overruled the *Brawner-Helphenstine* lines of cases (which required only reckless disregard), and returned to the "actual knowledge of a serious risk of harm" standard. *Poynter by & through Fernandez v. Shirley*, No. 25-5188, 2026 WL 2641092, at *1 (6th Cir. Sept. 8, 2026).

## II. Law and Argument

### A. An intervening change in controlling precedent warrants reconsideration of the denial of summary judgment on Count I.

Fed. Civ. R. 54(b) provides, in relevant part, that "***any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "District courts have authority both under common law and Rule 54(b) to

reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)(A district court retains the discretion to entertain such a motion).

Courts will generally reconsider interlocutory orders under three circumstances: (1) an intervening change of controlling law; (2) availability of new evidence; and (3) to correct a clear error or to prevent manifest injustice. *Id.* "Clear error arises most commonly from either misapplication of law or **an intervening change in controlling precedent**." *United States v. Spivak*, No. 1:21-CR-00491, 2025 WL 876938, at *1 (N.D.Ohio Mar. 21, 2025), *citing Desai v. Geico Cas. Co.*, 541 F. Supp.3d 817, 824 (N.D.Ohio 2021)(emphasis added). There has been a significant change in controlling precedent via the en banc decision in *Poynter*.

**B. The *Poynter* decision's return to the more demanding *Farmer* standard.**

In *Poynter*, the *en banc* panel held "that *Farmer*'s deliberate-indifference standard remains the proper measure for evaluating conditions-of-confinement claims, including the one pursued by Poynter." *Poynter*, 2026 WL 2641092, at *6. The Sixth Circuit explained its' rationale:

> The proof of *Farmer*'s necessity is in the *Brawner* pudding. As a practical matter, **cases interpreting *Brawner* have discarded a subjective inquiry in favor of an objective-reasonableness-only approach that lowers the threshold of constitutional liability *perilously close to negligence***—the very thing all of us otherwise seem to agree is insufficient for constitutional liability. *Brawner*, 14 F.4th at 596; *Kingsley*, 576 U.S. at 396, 135 S.Ct. 2466. To see why, consider how the objective-reasonableness-only framework functions in practice. That framing requires an "objectively serious" risk to the detained individual as well as unreasonable conduct by the state in response to the risk. *See Helphenstine*, 60 F.4th at 315–16; *Hehrer v. County of Clinton*, 161 F.4th 955, 964 (6th Cir. 2025). The first requirement largely tracks *Farmer*, which itself requires that the deprivation by a jailer's act or omission result in or pose a substantial risk of a "sufficiently serious" harm to the detained

> individual. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Wilson*, 501 U.S. at 298, 111 S.Ct. 2321). But as the dangers intrinsic to the jail setting mean that the objective prong is somewhat easy to satisfy, the cases interpreting *Brawner*'s second requirement do the bar-lowering work. *Id.* at 858–59, 114 S.Ct. 1970 (Thomas, J., concurring in the judgment) (explaining that danger or at least a risk of danger in jails is an inherent feature). In effect, an objective-reasonableness-only scheme shifts the inquiry from one that focuses on a jailer's subjective state of mind as to a particular risk to what a reasonable official should have done in light of that risk. *See Grote v. Kenton County*, 85 F.4th 397, 405 (6th Cir. 2023); *see also Castro*, 833 F.3d at 1069–71 (understanding *Kingsley* as creating liability where the defendant fails to "take reasonable available measures" to limit a reasonably apparent "substantial risk of serious harm"). In so doing, it embraces the should-have-known standard *Farmer* expressly rejected, 511 U.S. at 838–39, 114 S.Ct. 1970, something **indistinguishable from ordinary negligence**, *Doe*, 954 F.3d at 932; *see also Farmer*, 511 U.S. at 836 n.4, 114 S.Ct. 1970 (discussing how gross negligence "mean[s] little different from [civil] recklessness" (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 34 (5th ed. 1984))); Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 3 & cmt. a (A.L.I. 2010) (defining "negligence" as when a "person does not exercise reasonable care under all the circumstances" and explaining that "reasonable care" is "conduct that avoids creating an 'unreasonable risk of harm'").

*Poynter*, 2026 WL 2641092, at *7 (emphasis added). "*Farmer*'s subjective mens rea component captures this important distinction. Remember that we are talking about *deliberate* indifference. It would be strange to say that a defendant chooses deliberately to be indifferent to risks of which he is unaware." *Id*., *Poynter*, 2026 WL 2641092, at *11.

The Sixth Circuit also observed:

> Lastly, Poynter and the dissenting opinion characterize *Brawner*'s deliberate-indifference framework as requiring recklessness—albeit civil recklessness—not negligence. But that seems to be little more than a labeling choice when, **in practice, *Brawner* requires only negligence.** Recall that Poynter's understanding of recklessness requires serious risks plus unreasonable action. **All that formulation does is retack on the word recklessness to the ordinary negligence standard**. Our experience

> with Poynter's approach teaches that **a negligence standard is almost always the end result, if not the starting place**.

*Poynter*, 2026 WL 2641092, at *14 (emphasis added). The Sixth Circuit's final cautionary notes:

> We should not transform deliberate indifference's intentionality requirement into a mere box-checking exercise. *Poynter*, 2026 WL 2641092, at *15.
>
> "[I]f the failure to act can satisfy the intentional-act requirement, that simply returns our focus to an issue already addressed, namely, whether a failure to act permits an inference of punitive intent for the purpose of a deliberate-indifference claim. *** **If it does, then the deliberate-indifference standard amounts to little more than negligence, a point all agree is at odds with settled Due Process Clause jurisprudence**. *Poynter*, 2026 WL 2641092, at *15 (internal citations omitted; emphasis added).

Given the foregoing, there is little doubt that the denial of the Defendants' Motion for Summary Judgment must be re-visited in light of the more demanding standard for deliberate indifference which requires actual knowledge, rather than *Brawner*'s negligence standard dressed up in recklessness garb.

**C. The Proposed Relief: Briefing the Issue Under the *Farmer* Standard**

In *Lark v. Thomas*, No. 1:24-CV-0144, 2026 WL 2663873, at *1 (W.D.Mich. Sept. 10, 2026), the district court was faced with a change in controlling law and addressed the issue in the following fashion:

> This change in the law has a direct effect on this case. In the R&R, the Magistrate Judge applied the framework established in *Brawner*, and he also relied on a string of cases that applied *Brawner's* objective standard to pretrial detainee deliberate-indifference claims. (*See* ECF No. 122, PageID.2516–2518 (citing *Greene v. Crawford County*, 22 F.4th 593, 607 (6th Cir. 2022); *Helphenstine v. Lewis County*, 60 F.4th 305, 317 (6th Cir. 2023); *Hehrer v. County of Clinton*, 161 F.4th 955, 964 (6th Cir. 2025). The parties also briefed the case under these standards. Given the change

> in law effected by *Poynter,* **the most appropriate action at this point** is to remand the case to the Magistrate Judge so that he can assess the impact of the Sixth Circuit decision in the first instance, including **having the parties brief the issues under the new, and now controlling, standards**.

*Lark*, 2026 WL 2663873, at *1.

That's what Defendants are suggesting here, *i.e.* to brief summary judgment relative to Count I only under the more demanding *Farmer* test and provide the Defendants the opportunity to apply the facts to the law. And indeed, the Sixth Circuit opined that "Because the district court employed *Westmoreland* to evaluate defendants' summary-judgment motion, we vacate its order and remand to allow the district court to consider in the first instance whether Poynter's claim is viable under *Farmer*." *Poynter*, 2026 WL 2641092, at *1. This court should also consider in the first instance whether the Estate of Askew's deliberate indifference claims against each Medical Defendant is viable under *Farmer*.

For good cause shown, this Motion should, and must, be granted.

Respectfully submitted,

/s/ *John D. Latchney*
John D. Latchney (0046539)
W. Bradford Longbrake (0065576)
Hanna, Campbell & Powell, LLP

*Counsel for Defendants Phillip Malvasi, D.O., LLC, Phillip Malvasi, D.O., Taylor Simmons, Bree Bright, Jess Johnson, Carla Ahart and Jennifer Bach (deceased)*

4938-5010-3767, v. 2